UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :

UNITED STATES OF AMERICA,                  :

                                         :

        -v-                           :            22 Cr. 150 (JPC)
                                         :

EDWIN ACEVEDO,                      :        MEMORANDUM OPINION
                                       :           AND ORDER
               Defendant.       :

                                         :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On March 23, 2023, this Court sentenced Defendant Edwin Acevedo principally to a term of imprisonment of 77 months, to be followed by a three-year term of supervised release. Dkt. 117 (Judgment) at 2-3; Dkt. 130 ("Sentencing Tr.") at 38:25-39:3. Defendant is currently incarcerated at Allenwood Medium FCI, with a projected release date of September 29, 2027. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited June 28, 2024).

Defendant has moved for a reduction of his sentence "pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c)[1] and U.S.S.G. Amendment 821, for a sentence reduction based on the 2023 retroactive amendment to the Criminal History Guidelines." Dkt. 155. Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the

---

[1] It is not clear why Defendant cites U.S.S.G. § 1B1.10(c), which concerns situations where a defendant faces a mandatory minimum sentence and the Government files a motion allowing the Court to impose a sentence below that mandatory minimum on account of the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(c). Defendant was not convicted of an offense with a mandatory minimum sentence, nor did the Government file a motion on account of his substantial assistance to authorities. The Court assumes that Defendant meant to refer to U.S.S.G. § 1B1.10(b), which addresses the reduction of a term of imprisonment under 18 U.S.C. § 3582(c)(2). Section 1B1.10(b) therefore is discussed herein.

term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."  *Id.* § 1B1.10(b)(2)(A).

Defendant does not indicate why he believes he is eligible for a reduction in his sentence pursuant to Amendment 821, but it is clear he is not.  To start, Defendant would not be eligible for a reduction of his offense level pursuant to U.S.S.G. § 4C1.1, which was added as part of Amendment 821.  Section 4C1.1 provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines.  Because Defendant has an extensive criminal history which resulted in 27 criminal history points at the time of his March 23, 2023 sentencing, he would not have been eligible for an offense level reduction under Section 4C1.1 were that provision in effect at the time. *See* Sentencing Tr. at 16:8-18:23; Dkt. 105 ("PSR") ¶¶ 51-92.

Nor would he be eligible for a sentence reduction pursuant to Amendment 821's modification to the calculation of "status points" under U.S.S.G. § 4A1.1.  Amendment 821 struck the former "status points" provision, which had been at Section 4A1.1(d), and replaced it with language, now at Section 4A1.1(e), which instructs that, in calculating a defendant's criminal

history, a court must:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); *accord* U.S.S.G. § 4A1.1(e).

At sentencing on March 23, 2023, the Court determined Defendant's offense level to be 21 and his Criminal History Category to be VI, yielding a Guidelines range of 77 to 96 months' imprisonment. Sentencing Tr. at 15:16-18:25; *accord* PSR ¶¶ 40-50 (offense level), 51-92 (criminal history), 143 (Guidelines range). As noted above, this Criminal History Category of VI reflected 27 criminal history points, which included two "status points" under the version of Section 4A1.1(d) in effect at the time. Sent. Tr. at 18:18-21; *see* PSR ¶ 91. Had Amendment 821 been in effect, Defendant's offense level would have remained 21, but he would have had 26 criminal history points because he would have received only one "status point" pursuant to U.S.S.G. § 4A1.1(e).[2] But 26 criminal history points still would have placed Defendant in Criminal History Category VI, and his Guidelines range would have remained 77 to 96 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. Defendant therefore is not eligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2) (allowing a court to consider a sentence reduction if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)").

Accordingly, Defendant's motion for a sentence reduction is denied. The Clerk of Court is respectfully directed to close the motion at Docket Number 155 and to mail a copy of this

---

[2] This is because Defendant otherwise had 25 criminal history points calculated under subsections (a) through (d) of Section 4A1.1 and because he committed the offense in this case while "under [a] criminal justice sentence," specifically a term of parole. U.S.S.G. § 4A1.1(e); *see* PSR ¶¶ 90-92; Sent. Tr. 18:18-21.

Memorandum Opinion and Order to:

> Edwin Acevedo
> Reg. No. 91197-509
> Allenwood Medium FCI
> Federal Correctional Institution
> P.O. Box 2000
> White Deer, PA 17887

     SO ORDERED.

Dated: June 28, 2024
     New York, New York

                               JOHN P. CRONAN
                        United States District Judge